1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Nicholas G. Hood, Esq., SBN 238620
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA  92660 *(Garcia, Daniel/Pleadings/Notice of Removal)*
   Tel: (949) 477-5050; Fax: (949) 477-9200
5  rfinlay@wrightlegal.net; nneff@wrightlegal.net
6
7  Attorneys for Defendants, CITIBANK, N.A., AS TRUSTEE FOR AMERICAN
   HOME MORTGAGE ASSETS TRUST 2006-4 MORTGAGE-BACKED PASS-
8  THROUGH CERTIFICATES, SERIES 2006-4 (erroneously named herein as
9  CITIBANK, N.A.); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
   INC.; and POWER DEFAULT SERVICES, INC.
10
11              **UNITED STATES DISTRICT COURT**
12         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
13
14
   DANIEL GARCIA                      )  Case No.:
15                                     )
                                       )
16              Plaintiff,             )
                                       )  **NOTICE   OF   REMOVAL   OF**
17                                     )  **ACTION PURSUANT TO 28**
18     vs.                             )  **U.S.C.  §1441(b)**
                                       )
19                                     )  **[DIVERSITY OF CITIZENSHIP]**
20 CITIBANK, N.A.; AMERICAN HOME       )
21 MORTGAGE CORPORATION;               )
   MORTGAGE ELECTRONIC                 )
22 REGISTRATION SYSTEMS, INC.;         )
23 POWER DEFAULT SERVICES, INC.;       )
24 and DOES 1-250, inclusive,          )
                                       )
25              Defendants.            )
26 _____ )
27 ///
28 ///

                         -1-

                              **NOTICE OF REMOVAL OF ACTION**

1      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

2  **FOR THE EASTERN DISTRICT OF CALIFORNIA:**

3      **PLEASE TAKE NOTICE** that Defendants CITIBANK, N.A., AS

4  TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-4

5  MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-4

6  ("CITIBANK") (erroneously named herein as CITIBANK, N.A.); MORTGAGE

7  ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); and POWER

8  DEFAULT SERVICES, INC. ("POWER") (collectively "Defendants"), hereby

9  remove to this Court, the state court action described below:

10      **1.**    On November 6, 2009, Plaintiff, DANIEL GARCIA ("Plaintiff"),

11  filed a Complaint in the Superior Court of the State of California, for the County of

12  Sacramento (the "State Court"), styled: *Garcia v. Citibank, N.A., et al.,* Case No.

13  34-2009-00063274 (the "State Court Action"). A true and correct copy of the

14  Complaint is attached hereto as Exhibit "A." True copies of all other documents

15  filed in the State Court Action to date are attached hereto as Exhibit "B."

16                    **REMOVAL BASED ON DIVERSITY**

17      **2.**    The State Court Action may be removed to the instant Court in

18  accordance with 28 U.S.C. § 1441(b) since this Court has original jurisdiction,

19  pursuant to 12 U.S.C. § 1332, on the basis of diversity jurisdiction. Specifically,

20  the State Court Action is a civil action between citizens of different states and the

21  amount in controversy exceeds the sum of $75,000.00.

22      **3.**    **AMOUNT IN CONTROVERSY.** Although the exact amount in

23  controversy is not specifically alleged in the Complaint, Plaintiff seeks to (a) void

24  his 2006 secured home loan in the principal sum of $221,000.00, and (b) enjoin

25  the foreclosure of the subject real property due to a default under said loan, which

26

27

28

**NOTICE OF REMOVAL OF ACTION**

1   has an outstanding balance, as of October 21, 2009, of $253,768.49.[1] Thus, the

2   amount in controversy exceeds $75,000.00.

3       **4.    DIVERSITY OF CITIZENSHIP.** Diversity of citizenship of all

4   named plaintiffs from all named defendants is determined at the time of filling the

5   action.[2] In order to obtain diversity jurisdiction, all of the plaintiffs' citizenships

6   must be completely diverse from all the defendants' citizenships.[3]

7       **A.**    *Plaintiff's citizenship.* A natural person's citizenship is

8   determined by his or her naturalization to the United States and domicile state at

9   the time of filing (which is the state he or she resides in with the intention to

10  remain or to which he or she intends to return).[4] In the present matter, Plaintiff

11  alleges that he was a U.S. Citizen and domiciled in **California** at the time of

12  filing.[5]

13      **B.**    *The named defendants' citizenship.*

14      **i.**    CITIBANK, N.A. is, and was at the time of filing, a

15  National Banking Association, acting as Trustee for the AMERICAN HOME

16  MORTGAGE ASSETS TRUST 2006-4 MORTGAGE-BACKED PASS-

17  THROUGH CERTIFICATES, SERIES 2006-4 trust.[6] "All national banking

18  associations shall, for the purposes of … actions by or against them, be deemed

19  citizens of the States in which they are respectively located."[7] A national bank is

20  "located", for diversity jurisdiction purposes, only in the state designated as its

21

22  _____

23  [1] Exhibit "A" hereto at ¶ ¶ 9, 83-88 and Prayer ¶ 2 on pg. 24; a true and correct copy of the recorded
    Notice of Trustee's Sale attached hereto as Exhibit "C" at the last paragraph of pg. 1; *Cohn v. Petsmart,*

24  *Inc.,* 281 F.3d 837, 840 (9th Cir. 2002), quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333,
    347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in

25  controversy is measured by the value of the object of the litigation."); see also *Garfinkle v. Wells Fargo
    Bank,* 483 F.2d 1074, 1076 (1973).

26  [2] See *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).
    [3] *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806).

27  [4] *Kanter v. Warner–Lambert Co.,* 265 F3d 853, 857 (9th Cir. 2001).
    [5] Exhibit "A" hereto at ¶ 1.

28  [6] A true and correct copy of the recorded Assignment of Deed of Trust reflecting ownership of the loan by
    said trust and Citibank, N.A.'s relationship as trustee for said trust is attached hereto as Exhibit "D".
    [7] 28 U.S.C. §1348.

                                    -3-

**NOTICE OF REMOVAL OF ACTION**

main office, and <u>not</u> in every state where it has branch offices.[8] A trust cannot sue or be sued as an entity since its trustee is the real party in interest; thus, "a trust has the citizenship of its trustee or trustees."[9] In the present matter, the aforesaid trust owns the subject loan and CITIBANK, N.A. is acting as its trustee.[10] As such, by being a National Banking Association, with its main office located in New York, New York, CITIBANK is a citizen of **NEW YORK.**

        **ii.**    MERS is, and was at the time of filing, a Delaware Corporation with its principal place of business located in Reston, Virginia. A "…corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[11] As such, MERS is a citizen of both **Delaware** and **Virginia.**

        **iii.**    POWER is, and was at the time of filing, a Delaware Corporation with its principal place of business located in Irving, Texas. As such, POWER is a citizen of both **Delaware** and **Texas.**

        **iv.**    AMERICAN HOME MORTGAGE CORPORTION (AHMC") is, and was at the time of filing, a New Jersey Corporation with its principal place of business in Melville, New York. As such, AHMC is a citizen of both **New Jersey** and **New York**. Yet, AHMC filed for Chapter 11 Bankruptcy protection in August of 2007, which presently ongoing.[12] Upon information and belief, Plaintiff has failed to obtain relief from said Bankruptcy stay. Thus, AHMC's citizenship is irrelevant to this removal.[13] Moreover, AHMC's consent

---

[8] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006).
[9] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).
[10] Exhibit "D" hereto.
[11] 28 U.S.C.§ 1332(c)(1)
[12] A true and correct copy of the Notice of Bankruptcy Case Filing regarding AHMC, filed in the U.S. Bankruptcy Court, District of Delaware, on August 6, 2007, attached hereto as Exhibit "E".
[13] *Hearst Magazines v. Stephen L. Geller, Inc.*, 2009 WL 812039 at *2-3 (S.D.N.Y. March 25, 2009), citing *Myers v. Alliance for Affordable Servs.*, 318 F. Supp. 2d 1055, 1056-1057 (D.Colo. 2004).

-4-

**NOTICE OF REMOVAL OF ACTION**

1   to this removal is not required; even it had been served with process, which it has

2   not as discussed below.[14]

3       **5.**    As of the date of this removal, and upon information and belief after

4   a reasonable and diligent investigation, none of the Defendants, including AHMC,

5   have been properly served with the summons and Complaint. Further, in that the

6   State Court Action was filed on November 6, 2009, this Notice of Removal is

7   timely as required by 28 U.S.C. § 1446(b).

8       **WHEREFORE**, the State Court Action is removed from said state court to

9   this Court, and removing Defendants pray that this Court proceed in this action

10   pursuant to 28 U.S.C. §1441 and other relevant and applicable law, as if this action

11   had been originally filed in this Court, and that further proceedings in the state

12   court action be stayed in all respects.

13

14                     Respectfully submitted,

15                     WRIGHT, FINLAY & ZAK, LLP

16

17   Dated: December 4, 2009    By:    */s/ Nicholas Hood*

18                     T. Robert Finlay, Esq.,

19                     Nicholas G. Hood, Esq.,

20                     Attorneys for Defendants, CITIBANK,

21                     N.A., AS TRUSTEE FOR AMERICAN

22                     HOME MORTGAGE ASSETS TRUST

23                     2006-4 MORTGAGE-BACKED PASS-

24                     THROUGH CERTIFICATES, SERIES

25                     2006-4 (erroneously named herein as

26                     CITIBANK, N.A.); MORTGAGE

27                     ELECTRONIC REGISTRATION

28                     SYSTEMS, INC.; and POWER DEFAULT
                  SERVICES, INC.

---

[14] See *Brown v. Jevic*, 575 F.3d 322, 327-328 (3rd Cir. 2009) and citations therein.

**NOTICE OF REMOVAL OF ACTION**

**EXHIBIT "A"**

George Holland Jr., Esq. (216735)
**HOLLAND LAW FIRM**
1970 Broadway, Suite 1030
Oakland, CA 94612
(510) 465-4100

Marc A. Fisher, Esq. (47794)
**LAW OFFICES OF MARC A. FISHER**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630
(916) 988-8001

Attorneys for Plaintiff

**FILED**
**Superior Court Of California,**
**Sacramento**
**11/06/2009**
awoodward
By _____, Deputy
Case Number:
**34-2009-00063274**

Department
Assignments
Case Management 39
Law and Motion 54
Minors Compromise 22

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO – UNLIMITED JURISDICTION

| | |
|---|---|
| DANIEL GARCIA )<br>)<br>          Plaintiff, )<br>v.                    )<br>                      )<br>                      )<br>CITIBANK, N.A.; AMERICAN HOME )<br>MORTGAGE CORPORATION; )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC.; )<br>POWER DEFAULT SERVICES, INC.; )<br>and DOES 1-250, inclusive, )<br>                      )<br>          Defendants )<br>                      )<br>                      )<br>                      )<br>                      )<br>                      )<br>                      )<br>                      )<br>_____ ) | Case No.:<br><br>**PLAINTIFF'S  COMPLAINT FOR:**<br><br>1. **Defendants Lack Legal Standing to Conduct and Enforce a Non-Judicial Foreclosure**<br>2. **Fraudulent Misrepresentation**<br>3. **Fraudulent Concealment**<br>4. **Unconscionability**<br>5. **Unjust Enrichment**<br>6. **Civil Conspiracy to Defraud**<br>7. **Quiet Title**<br>8. **Violation Of Bus.& Prof. Code §17200, et seq. (Unlawful Business Practices)**<br>9. **Declaratory And Injunctive Relief**<br>10. **Negligence and Negligence Per Se**<br>11. **Violation of Civil Code § 1632**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff Daniel Garcia who respectfully avers the following:

## PARTIES

1. Plaintiff **Daniel Garcia** (hereafter "Plaintiff") of legal age, at all times relevant has been a resident of the State of California and the sole owner of certain real property commonly identified as 6748 Bodine Circle, Sacramento, California 95823 as (hereafter, the "Subject Property").

2. At all times mentioned herein, Defendant AMERICAN HOME MORTGAGE CORPORATION (hereafter, "AMERICAN HOME") is and was a financial institution operating under the laws of the State of California with a business address of Von Karman, Suite 1000, Irvine, California 92612, the lender.

3. At all times mentioned herein, Defendant CITIBANK, N.A (hereafter, "CITIBANK") is and was a financial institution operating under the laws of the State of California with a business address of 420 Montgomery Street, San Francisco, California 94133. At all times mentioned herein, CITIBANK was and remains the successor in interest to AMERICAN HOME, a financial institution operating under the laws of the State of California with a business address of Von Karman, Suite 1000, Irvine, California 92612, the lender.

4. At all times mentioned herein, Defendant POWER DEFAULT SERVICES, INC. (hereafter "PDS") was and is the trustee, with a business address of 2255 North Ontario Street, Suit 400, Burbank, California 91504.

5. At all times mentioned herein, Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter "MERS") is a corporation organized and existing under the laws of Delaware and has an address of P.O. Box 2026, Flint MI 48501-2026 and is the nominee beneficiary under the deed of trust to the Subject Property.

6. This is an action pursuant to the California's Unfair Competition Law ("UCL"), Business & Professions Code §17200, et seq., and other statutory and common law. Plaintiff **Daniel**

**Garcia** brings this action against Defendants CITIBANK, AMERICAN HOME, PDS and Does 1 to 250 (collectively "Defendants") for violations of California's statutory and common laws. This action is also brought against PDS as the purported trustee as the foreclosing trustee. CITIBANK, as successor in interest to AMERICAN HOME, the original lender, had a fiduciary relationship with Plaintiff to provide not only the best loan for Plaintiff, but to accurately disclose and represent the terms of the loan, and to provide clear and truthful representations as to Plaintiff's ability to qualify for the loan.

7. Plaintiff is ignorant of the true name and capacity of each defendant sued herein as DOES 1 through 250, inclusive and therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to include the true names and capacities of those defendants when they have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant sued herein in relation to the property her claim an interest in was the agent and employee of each of the remaining defendants thereof and at all times was acting within the purpose and scope of such agency and employment.

## BACKGROUND OF FACTS

9. On or about September 1, 2006, Plaintiff applied for a loan using the Property A hereinabove described as collateral in a contract of mortgage with AMERICAN HOME as the lender and beneficiary, Lender's Choice Title Company (hereafter, "Lender's Choice") as the trustee and Plaintiff as the borrower. On or about July 18, 2006, Plaintiff entered into a Deed of Trust (hereafter, the "Deed of Trust") securing the sum of $221,000.00 based on a 30-year adjustable interest rate loan at 1.40% APR with a maximum cap of 10.350% through AMERICAN HOME as the lender. The installment payments on the underlying loan were to

continue through August 1, 2036.  On or about July 20, 2009, PDS was substituted in as trustee of the Deed of Trust.

10. The initial mortgage payments were $752.16 per month.

11. The escrow was closed, and Plaintiff made the mortgage payments on or about the first day of each month commencing with September 1, 2006, and continued to do so, until the combination of Plaintiff's lack of income and the confusing terms of his loan caused Plaintiff to ultimately default on the loan.

12. Plaintiff alleges upon information and belief that Defendants CITIBANK and PDS were not the holders of the original note identified in Deed of Trust

13. Plaintiff further alleges that Defendants do not have the right to cause the foreclosure and non-judicial sale of the Subject Property owned by Plaintiff, for which non-judicial foreclosure is set to occur on or about November 10, 2009.

14. This action also concerns Defendants' unlawful, fraudulent and unfair business acts or practices, Defendants engaged in a campaign of deceptive conduct and concealment aimed at maximizing the number of consumers who would accept this type of loan in order to maximize Defendants' profits, even as Defendants knew their conduct would cause many of these consumers to lose their homes through foreclosure.

## VENUE AND JURISDICTION

15. Venue is proper in this Court, as the Subject Property is located within its jurisdiction.

### FIRST CAUSE OF ACTION
**Lack of Legal Standing to Conduct and Enforce a Non-Judicial Foreclosure
Against All Defendants**

16. Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 to 15 hereinabove as though herein fully set forth.

17. A party seeking to foreclose bears the burden of demonstrating standing and must plead its

components with specificity, and must demonstrate that it was the holder and owner of the

note and Deed of Trust as of the date of foreclosure. As otherwise provided in California

Commercial Code of section 3302, a "holder in due course" means the holder of an

instrument if: (1) The instrument when issued or negotiated to the holder does not bear such

apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to

call into question its authenticity, and (2) The holder took the instrument. (a) for value; (b) in

good faith; (c) without notice that the instrument is overdue or has been dishonored or that

there is an uncured default with respect to payment of another instrument issued as part of the

same series; (d) Without notice that the instrument contains an unauthorized signature or has

been altered; (e) Without notice of any claim to the instrument described in California Civil

Code Section 3306; and (f) Without notice that any party has a defense or claim in

recoupment described in subdivision (a) of Section 3305.

18. Plaintiff maintains on information and belief that there have been numerous improprieties in

the transfer and appointment of the trustee in the handling of his loan, and that the alleged

trustee, PDS is not properly appointed as foreclosing trustee nor acting in conformity with

law.

19. Plaintiffs allege upon information and belief that Defendants MERS and PDS are not holders

in possession of the instruments who have the rights of holders in due course, and neither of

these Defendants is entitled to enforce the instruments. Plaintiffs allege on information and

belief that the Deeds of Trust state that MERS is a separate corporation that is acting solely

as a nominee for lender AMERICAN HOME and its successors and assigns. On information

and belief, MERS is not the beneficiary under this Security Instrument, it never had ownership and possession of the Promissory Note which is the obligation which is secured by the Deed of Trust, and MERS has never been entitled to receive one cent of remuneration from Plaintiffs' loan proceeds. The statement that MERS is the "Nominee" is absurd language which means nothing in a real estate transaction and most certainly, MERS has never been nor is it now Beneficiary under the Deeds of Trust and the substitution and assignment of PDS is invalid due to the fact that the transmission of interest from MERS is void *(In re Raymond Vargas, Case Number LA08-17036SB· there is no legal standing of MERS as a Beneficiary)* Defendant MERS was a corporation operating illegally and unable to exercise the powers and privileges of a corporation is good standing in the State of California because its license was suspended under the holding of *Performance Plastering v Richmond American Homes of California, Inc* (2007) 136 Cal.App.4th 659, 668 and named as a nominee of the beneficial interest in the Deed of Trust and despite its inability to operate in California, MERS was responsible for the assignment of the Deeds of Trust to Defendant PDS.

20. Since there is no right to enforce the instruments due to the fact that Defendants are not holders in due course, Plaintiffs allege that the assignment of the Deed of Trust, when it was made to Defendants, the Note executed by Plaintiffs were no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding in *Pribus v. Bush* (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr 747, although there was sufficient room on the Note to complete the assignment as such the foreclosure of Plaintiffs' Subject Properties did not conform to the strict mandates of Civil Code Section 2924. Defendants and each of them has failed to comply with the Notice of Default and Notice of Sale

mandates of California law, and there are no subsequent incidental rights whatsoever to

enforce the Deed of Trust and/or conduct non-judicial foreclosures.

21. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has

suffered conscious and mental anguish, additional damages of an emotional, physical, and

economic nature and must be awarded damages.

## SECOND CAUSE OF ACTION
### Fraudulent Misrepresentation
### Against Defendants, CITIBANK, AMERICAN HOME, PDS and DOES 1-250

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 to

21 hereinabove as though herein fully set forth.

23. A misrepresentation is fraudulent if the maker (a) knows or believes that the matter is not as

he represents it to be; (b) does not have confidence in the accuracy of his representations that

he states or implies, or (c) knows that he does not have a basis for the representation that he

states or implies. In order that a fraudulent misrepresentation exists the following elements

should exist: (a) misrepresentation, (b) knowledge of falsity; (c) justifiable reliance; (d)

resulting to damage; (e) induce reliance.

24. Plaintiff alleges that the alleged trustee in this foreclosure, PDS is engaged in attempting to

perpetrate a fraud upon Plaintiff and upon the citizens of California by purporting to assume

the role of foreclosing trustee, in violation of California lending statutes.

25. Plaintiff further alleges that Defendants, and each of them, had a duty and obligation to

represent accurately, truthfully, and completely disclose all the information that Plaintiff

relied upon in performing their investigation, consideration, and evaluation of whether to

obtain additional mortgage financing, alternate mortgage financing and/or selection of

refinancing for the Subject Property. The Defendants breached their duty and obligation to

provide accurate, truthful and complete information by failing to provide the necessary information to Plaintiff in a manner that he would understand, considering the latter's limited understanding, education, and training in these matters, and they failed to provide the information necessary for Plaintiff to make a complete accurate and well-considered decision on these financial issues, all of which caused him damage. Plaintiff relied upon the misrepresentation of the Defendants in forming his decision regarding the loan transaction at issue. Under California Civil Code which states that a person who, with the intent to defraud a participant in a mortgage lending transaction; (a) knowingly makes a false statement or misrepresentation concerning a material a material fact deliberately conceals of fails to disclose a material fact. (b) knowingly uses or facilities the use of a false statement or misrepresentation made by another person concerning a material fact or deliberately uses or facilitates the use of another person's concealment or failure to disclose a material fact. (c) Receives any proceeds or any other money in connection with a mortgage lending transaction that the person knows resulted from a violation of par. (a) or (b). (d) Conspires with another person to violate any of the provisions of par (a) (b) or (c); or (e) files or causes to be filed with a County Recorder any document that the person knows to include a misstatement, misrepresentation or omission concerning a material fact.

26. Moreover, Defendants, and each of them, had a duty and obligation to represent accurately, truthfully, and completely all the information that Plaintiff relied upon in performing their investigation, consideration, and evaluation of whether to obtain additional mortgage financing, alternate mortgage financing, and/or selection of refinancing for the Subject Property. The Defendants breached their duty and obligation to provide accurate, truthful and complete information by failing to provide the information to Plaintiff in a manner that he

would understand with his limited understanding, education, and training in these matters, and they failed to provide all the information necessary for Plaintiff to make a complete accurate and well-considered decision on these financial issues, all of which caused him damage. Plaintiff relied upon the negligent misrepresentations of the Defendants in forming his decisions regarding the loan transaction

27. Plaintiff alleges that he had oral and/or written agreements with all the Defendants and/or through the Promissory Note and Deed of Trust, all the Defendants were bound by the agreements, oral or written made by and between Defendants to Plaintiff. Each agreement between Defendants and Plaintiff required that the Defendants deal fairly and in good faith with Plaintiff and not to seek to take undue advantage of Plaintiff in his weakened bargaining position and with his lesser knowledge, skill, education and ability regarding the loan transaction.

28. Under the circumstances, the material omissions and misrepresentations of the Defendants were malicious.

29. Plaintiff, not being an investment banker, securities dealer, mortgage lender, or mortgage broker, reasonably relied upon the representations of the Defendants in agreeing to execute the mortgage documents

30. Had Plaintiff known of the falsity of Defendants' representations, Plaintiff would not have entered into the mortgage transactions underlying this action.

31. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered conscious and mental anguish, additional damages of an emotional, physical, and economic nature and must be awarded damages.

## THIRD CAUSE OF ACTION
### Fraudulent Concealment
### Against All Defendants

32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 to 31 hereinabove as though herein fully set forth.

33. Plaintiff alleges that during the loan application process, Defendants failed to inform Plaintiff that based solely on his stated income, his credit rating, and the ratio of his assets and liabilities; could not and would not qualify for the subject loan. Plaintiff's income was never truly verified so much so that in this context, it made the latter believe that his income was sufficient to repay the loan that he applied for. This indicates that the Defendants, and each of them, were satisfied enough to draw the conclusion that the Plaintiff could adequately repay these loan and that they neglected or deliberately disregarded this otherwise important requisite. A determination of whether Plaintiff would be able to make the payments as specified in the loan was never truly made and the required credit investigation apparently was not conducted for her benefit.

34. Plaintiff alleges that he was not informed adequately about the full terms and/or possible consequences of his loan agreements. Plaintiff was not informed of the following including but not limited to: the rate of interest, how interest rate would be calculated, and what the payment schedule should be, the risks and disadvantages of the loan, the prepayment penalties, the maximum amount the loan payment could arise to, or the inflated valuation of the Subject Property.

35. Plaintiff alleges that from and after September 1, 2006 and thereafter, Defendants, and each of them inclusive of AMERICAN HOME, had a duty to disclose to Plaintiff that he could not qualify for the subject loan, but chose not to disclose this information to benefit from the

payments Plaintiff would make, and did make, on the loan, and would eventually foreclose on the Subject Property, when Plaintiff would, and has as of present, default on the loan.

36. Plaintiff alleges that at all times relevant, Defendants, inclusive of AMERICAN HOME, failed to disclose and or concealed material facts by making partial representations of some material facts such as representing to Plaintiff that his stated income would be sufficient to qualify them for the loan, when this Defendants had exclusive knowledge of material facts, namely that Plaintiff could not have qualified for the loan as alleged hereinabove, with monthly payments that would, and did, outstrip Plaintiff's ability to repay them.

37. Plaintiff alleges that had he known the true facts, he would have considered other options, and he would not have obligated himself to the loan underlying this action.

38. Plaintiff alleges that as a direct and proximate result of Defendants failure to disclose and omission of the above-mentioned material facts, as alleged herein, Plaintiff has suffered compensatory and equitable damages, in a sum according to proof at trial.

39. Plaintiff alleges that Defendants' wrongful conduct, as alleged herein, was fraudulent, willful, oppressive, immoral, unethical, unscrupulous, substantially injurious, and malicious and in conscious disregard for the well being of Plaintiff, accordingly, Plaintiff seeks punitive damages.

## FOURTH CAUSE OF ACTION
### Unconscionability
### Against All Defendants

40. Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 to 39 hereinabove as though herein fully set forth.

41. Many unsophisticated loan borrowers are never informed about the amortization feature of a loan until after the loan documents are signed and normally the loan signing is done in a

manner that is intended to hasten up clients through the process. Plaintiff was not informed of the feature by the loan officer, which is required by the fiduciary duty owed to the borrower as in this case the Plaintiff, these harsh and oppressive terms are only able to be ascertained after the loan signing via a very confusing promissory note, adjustable rate rider, Deed of Trust and loan program disclosures which are often required in mortgage note to understand.

42. Plaintiff alleges that he was told that he would be able to refinance the loan even though onerous prepayment penalties realistically prevent this.

43. Plaintiff alleges that he was not informed that the interest rates of the loan were not the actual interest rates of the loan, and that by failing to make the fully amortized principal and interest payment, the loan balance will increase to cover the interest not being paid.

44. Plaintiff alleges that the truth in lending statements show only the minimum monthly payment, which mislead Plaintiff into believing that the payments stated in the respective payment schedules would not change.

45. Plaintiff asserts that he was not informed of the recast feature as for example when the loan hit 110% or 115% of the original loan balance the loan will recast in a manner that will provide full payment over the term loan. This results in "payment shock" that Plaintiff simply was not informed of, and which could not have readily ascertained by reading the note or adjustable rate rider and related documents.

46. Plaintiff asserts that he was not informed that the loan, taken as a whole, would not have any way for the borrower (Plaintiff) to escape without foreclosure. As his equity was being eaten up by the negative amortization feature of the loan, and the prepayment penalty had a tendency to lock Plaintiff into the loan, which the loan was likely to wind up in foreclosure.

47. Plaintiff asserts that lender's having the superior bargaining position, and as it writes the contracts, and since plaintiffs are normally not sophisticated enough to deal with complex financial instruments that contain vague, confusing and complex language, Plaintiff simply had no idea what he was getting into in signing up for one of these loan and was often completely mislead or else kept in the dark about the true nature of the loan.

48. Defendants are experienced business entities and individuals that sought to profit from the disparity in bargaining power, and who did so by deliberately providing Plaintiff with misinformation about the loan.

49. The terms of the Deed of Trust executed by AMERICAN HOME are so one sided as to be abusive and unconscionable. Defendants exploited the disparity in bargaining power to induce Plaintiff to execute a mortgage loan and enter into highly disadvantageous loan. Said procedural and substantive unconscionability renders void and unenforceable the Deed of Trust of September 1, 2006.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment
### Against All Defendants

50. Plaintiff realleges and incorporates by reference the allegations of paragraph 1 to 49 hereinabove, as though herein fully set forth.

51. Defendants implied contract with Plaintiff to ensure that Plaintiff understood all fees, which would be paid to Defendants to obtain credit on Plaintiff's behalf and to not charge any fees, which was not related to the settlement of the loan and without full disclosure to Plaintiff.

52. Defendants cannot, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks, profits (including but not limited to from sale of mortgages and note using Plaintiff's identity, credit score and reputation without

consent, right, justification or excuse as part of an illegal enterprise scheme) and gains and

fee unrelated to the settlement services provided at closing.

53. Defendants have been unjustly enriched at the expense of the Plaintiff, and maintenance of

the enrichment would be contrary to the rules and principles of equity.

54. As a direct and proximate result of the actions of the Defendants in combination resulting in

fraud and breaches of duties, Plaintiff has suffered damages.

55. Plaintiff thus demands an award of actual, compensatory and punitive damages.

### SIXTH CAUSE OF ACTION
### Civil Conspiracy to Defraud
### Against All Defendants

56. Plaintiff realleges and incorporates by reference the allegations of paragraph 1 to 55

hereinabove, as though herein fully set forth.

57. In connection with the application for and consummation of the mortgage loan the subject of

this action, Defendants agreed, between and among themselves, to engage in actions and a

course of conduct designed to further an illegal act or accomplish a legal act by unlawful

means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the

Plaintiff.

58. Defendants agreed between and among themselves to engage in the conspiracy to defraud for

the common purpose of accruing economic gains for themselves at the expense of and

detriment to the Plaintiff.

59. The actions of the Defendants were committed intentionally, willfully, wantonly, and with

reckless disregard for the rights of the Plaintiff.

60. As a direct and proximate result of the actions of the Defendants resulting in fraud and

breaches of duties, Plaintiff has suffered damages.

61. Plaintiff thus demands restitution from the Defendants in the form of actual damages, exemplary damages, and attorney's fees.

## SEVENTH CAUSE OF ACTION
### QUIET TITLE

62. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 to 61 hereinabove, as though herein fully set forth.

63. The purpose of quiet title is to establish title against adverse claims to real property or any interest in the Real Property *(Code of Civil Procedure of California 760.020)*.

64. Plaintiff is the owner of the Subject Property per the Deed of Trust executed by Plaintiff.

65. The basis of Plaintiff's interest in title is a Deed of Trust from Defendants, granting the Subject Property to Plaintiff, and recorded in the Official Records of the County of Tuolumne.

66. Plaintiff are seeking to quiet title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of the Subject Property, when in fact they do not have possession of the original note signed in ink by the Plaintiff and in fact Plaintiff has an interest in such properties held by Defendants, when Defendants have no right, title, interest, or estate in the Subject Property, and Plaintiff interest is adverse to Defendants' claims of ownership.

67. Plaintiff seeks to quiet title as of September 1, 2006

68. Plaintiff therefore seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that Defendants, and each of them, be declared to have no estate, right, title, or interest in the Subject Property and that said defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the Subject Property, adverse to Plaintiff herein.

## EIGHTH CAUSE OF ACTION
## FOR VIOLATION OF BUS.& PROF. CODE §17200, ET SEQ.
## UNLAWFUL BUSINESS PRACTICES
### Against All Defendants

69. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 to 68 hereinabove as though herein fully set forth.

70. Plaintiff alleges that the unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code §§17200 et seq.

71. Plaintiff alleges that by engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code §§17200 et seq.

72. Plaintiff alleges that Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and for regulations and said predicate acts are therefore per se violations of §17200 et seq. These predicate unlawful business acts and/or practices include Defendants' failure to comply with the disclosure requirements to clearly or accurately disclose the terms of the loan to Plaintiff.

73. Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors.

74. As a direct and proximate result of the aforementioned acts, Defendants received monies and continue to hold monies expended by Plaintiff who purchased the loan as described herein.

75. In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of the monies collected and realized by Defendants.

76. Plaintiff alleges that the unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be mislead and/or deceived by Defendants as

described herein. Plaintiff has no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or recurring in the future.

77. Plaintiff alleges that as a direct and proximate result of Defendants' unlawful conduct, as alleged herein, he has lost thousands of dollars of equity in his home. Plaintiff is a direct victim of Defendants' unlawful conduct, as herein alleged, and has suffered injury in fact, and has lost money as a result of Defendants' unfair competition.

78. Plaintiff alleges that he is entitled to equitable relief, including restitution, disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts and practices, attorney fees and costs, declaratory relief, and a permanent injunction.

79. As a direct and proximate result of the aforementioned acts, Defendants received monies and continue to hold monies expended by Plaintiff who purchased the loan as described herein.

80. In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of the monies collected and realized by Defendants.

81. Plaintiff alleges that the unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be mislead and/or deceived by Defendants as described herein. Plaintiff has no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or recurring in the future. Plaintiff alleges that as a direct and proximate result of Defendants' unlawful conduct aged herein, Plaintiff has lost thousands of dollars of equity in his home  Plaintiff are direct victims of Defendants' unlawful conduct, as herein alleged, and have suffered injury in fact, and have lost money as a result of Defendants' unfair competition.

82. Plaintiff alleges that Plaintiff are entitled to equitable relief, including restitution, restitution

disgorgement of all profits accruing to defendants because of their unlawful and deceptive

acts and practices, attorney fees and costs, declaratory relief, and a permanent

## NINTH CAUSE OF ACTION
### FOR DECLARATORY AND INJUNCTIVE RELIEF
#### Against All Defendants

83. Plaintiff realleges and incorporates by reference the allegations continued paragraphs 1 to 82

hereinabove as though fully set forth herein.

84. Plaintiff alleges that and actual controversy exists as to the following issues:

a. Plaintiff contends that the Note of September 1, 2006 are invalid based upon

AMERICAN HOME's failure to comply with the law and other regulatory statutes requiring

representation of disclosure requirements, and other statutory provisions described herein

However, CITIBANK, as successor in interest to AMERICAN HOME, and PDS contend

that they had and continue to have the right to pursue their remedies under the September 1,

2006 Note and Deed of Trust;

b. Plaintiff contends that any attempt to non-judicially foreclose on the Subject Property

was and remains improper in that AMERICAN HOME or its assignors or successors and

DOES 1-250, are not the holder(s) of the original note on the Subject Property. However,

AMERICAN HOME and DOES 1-250's contend that (1) they are the holders of the original

Note as successors in interest and assignees of the same, and (2) they have the right to

proceed with their remedies, inclusive of a non-judicial foreclosure of the Subject Property;

c. Plaintiff contends that Defendants failed to provide Plaintiff with full disclosure of the

terms of the loan pursuant to statutory provisions alleged herein, and as such each of the loan

transactions is subject to rescission. However, Defendants contend that full disclosure was made to Plaintiff, and the terms of the loan agreements are valid and in full legal force, and

   d. Plaintiff contends that Defendants sold loan to Plaintiff for which he was not qualified based upon his actual income, credit history, and debt and asset ratio, and as such each of the loan and Note must be rescinded. However, Defendants contend that Plaintiff was qualified for the loan and that he is still responsible for the payments under the Note.

85. Plaintiff desires a judicial determination of his rights and duties, and a declaration as to the validity of the loan agreements and Defendants' right to proceed with remedies to foreclose on the Note, inclusive of non-judicial foreclosures on the Subject Property.

86. Plaintiff alleges that a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain her rights under the Note and as to Defendants' right to proceed with their remedies, inclusive of non-judicial foreclosures on the Subject Property.

87. Plaintiff alleges that Defendants' actions have undermined her rights to the Subject Property and have interfered, and continue to interfere with Plaintiff's rights of possession as the owner of the Subject Property.

88. By the actions above and set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case. Plaintiff requests that this court grant a Preliminary Injunction and Temporary Restraining Order and injunctive relief under CCP §527 and Cal. Rules of Court §3.1150, first as to any action to set the Subject Property for a non-judicial sale pursuant to foreclosure proceedings, and secondly a permanent injunction precluding defendants from engaging in the wrongful conduct identified herein in the future.

## TENTH CAUSE OF ACTION
### Negligence and Negligence Per Se for Violation of Civil Code Section 2923.5
### Against All Defendants

89. Plaintiff incorporates by reference paragraphs 1 to 88 hereinabove as though fully set forth herein.

90. California Civil Code Section 2923.5 expressly provides for mechanisms of communication between Lenders and borrowers prior to the filing by any Lender in the State of California any Notice of Default against any owner-occupied residence upon which a loan was made between January 1, 2003 and December 31, 2007. This creates a duty on behalf of the defendants the communication mechanisms **shall** be complied with as a condition precedent to the filing of a Notice of Default - absent compliant with Section 2923.5 - any Notice of Default is **void ab initio** and must be stricken from the public records. The requirements are:

- A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2923.5 until 30 days after contact is made with the borrower or <u>extensive</u> due diligence requirements are met by the holder of the mortgage due to an unavailable borrower;

- If the borrower is available and responsive, the mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation;

- During the contact with the borrower, the mortgagee or its agent shall explore options for the borrower to avoid foreclosure;

- During the initial contact, the mortgagee, beneficiary or authorized agent shall advise the borrower that he or he has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule a meeting to occur within 14 days;

- The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose.
- In either case (at one of the two meetings), the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified counseling agency;
- Any meeting may occur telephonically.

91. A Lender may not file a notice of default absent compliance with the foregoing conditions, unless the borrower is unavailable and the Lender follows numerous due diligence mechanisms to get hold of the borrower.

92. In this case, Defendants breached the duty owed and failed to communicate with plaintiff, review his financial situation and explore loan options before filing the Notice of Default Plaintiff was completely available to defendants to meet, to evaluate the unlawful subprime, unreasonable and unlawful adjustable-rate mortgage, and to pursue a loan modification as expressly intended by the Legislature in the Legislative comments and history prior to the passage of Section 2923.5. Indeed, the Legislature stated in Senate Bill 1127, at Section 1(g) states that:

> " This act is necessary to avoid unnecessary foreclosures of residential properties and thereby provide stability to California's statewide and regional economies and housing market by requiring early contact and communications between mortgagees, beneficiaries or authorized agents and specified borrowers to explore options that could avoid foreclosure and by facilitating the modification or restructuring of loan in appropriate circumstances."

At all times herein mentioned, Plaintiff hired representatives and attorneys to interact with defendants' and these representatives and attorneys made numerous telephone calls and sent numerous correspondences to defendants which went unanswered without defendants performing any compliance with Section 2923.5(f).

93.     Defendants and each of them, failed and refused to (a) evaluate in any manner the financial condition of plaintiffs in violation of Section 2923.5;(b) explore with plaintiff or his representative's ways in which the mortgages could be restructured in order to avoid foreclosure, (c) advise plaintiff or their representatives of their right to a second meeting within 14 days as required by 2923.5, and (d) advised plaintiffs or their representatives of the telephone number and counseling opportunities to avoid foreclosure.

94.     As a proximate and foreseeable result of Defendants' intentional violation of Section 2923.5 on overcharged mortgages in violation of the UCL - done with express intention of taking property for financial gain during a period of national economic turmoil, without complying with law requiring a legitimate attempt to avoid foreclosure and after receiving an unprecedented "advance" from the Federal government, plaintiffs have been damaged in a sum according to proof.

95. In doing the things alleged herein, defendants and each of them acted wrongfully, and with oppression, fraud and malice. Defendants pursued a business plan of gross, rude, malicious, and bad faith misconduct and plaintiffs are entitled to exemplary damages in a sum according to proof.

///

///

///

## ELEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CIVIL CODE § 1632
### AGAINST ALL DEFENDANTS

97.    Plaintiff realleges and incorporates by reference paragraphs 1 to 96 hereinabove as though fully set forth herein.

98.    Plaintiff asserts that Defendants clearly violated the provisions of California Civil Code 1632. California Civil Code Section 1632 provides, in relevant part.

99.    Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Filipino, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the Contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement.

100.    Plaintiff and Defendants entered a contractual obligation in the form of a Deed of Trust. The Deed of Trust and other loan documents were not in the language known to Plaintiff.

101.    Defendants failed to provide Plaintiff with any loan documentation in his primary language (Spanish) despite the fact that they had a legal obligation to do so.

102.    Plaintiff further alleges that pursuant to subdivision (k) of California Civil Code 1632, Defendants must allow Plaintiff to rescind the loan.

## TWELTH CAUSE OF ACTION
### Violation of Finance Code §§ 4970-4979 [Predatory Lending]
### Against Defendants CITIBANK and DOES 1-250

103.    Plaintiff realleges and incorporates by reference paragraphs 1 to 102 hereinabove as though fully set forth herein.

104.    Plaintiff alleges on information and belief that Defendants CITIBANK, as successor in interest to AMERICAN HOME and DOES 1-250, sell loan products that contain hidden fees. Plaintiff alleges that the loan that he entered with CITIBANK and AMERICAN HOME contains undisclosed fees and fees that are hidden in complicated contract language.

105.    Plaintiff alleges that CITIBANK and AMERICAN HOME approved an unaffordable loan to Plaintiffs without regard to Plaintiffs' creditworthiness or ability to repay this loan in violation of California Finance Code §§ 4970-4979. Plaintiff further alleges that CITIBANK and AMERICAN HOME engaged in fraud and deception to conceal the true nature of Plaintiff's loan obligation.

106.    As a direct and proximate the statutory violations described herein, Plaintiff has suffered damages according to proof. The acts described herein were committed with malice, fraud and oppression and Plaintiffs therefore seek an award of punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against all of the Defendants and each of them as follows:

1. That the foreclosure or attempted foreclosure of the Subject Property is deemed illegal and void and the same be permanently enjoined; and that Defendants are prevented from engaging in any sale, transfer, conveyance, action or any conduct adverse to Plaintiff's interest herein;

2. That the September 1, 2006, loan transactions be deemed void as a result of Defendants' various breaches and violations;

3. That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of California Statutes and that this Court awards all such relief to

Plaintiff as he may be entitled, including treble damages and an award of costs and attorney's fees;

4. For compensatory damages according to proof;

5. For exemplary and punitive damages according to proof;

6. For award of attorney's fees, and reasonable costs of suit incurred;

7. For an immediate restraining order and injunction preventing defendants or any of its agents or representatives from taking any further action on the Subject Property, including but not limited to foreclosing or any unlawful detainer action; and

8. For any other relief the Court may deem just and proper

Dated: November 5, 2009

Marc C. Fisher
Attorneys for Plaintiff

# EXHIBIT "B"

P 2

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITIBANK, N.A.; AMERICAN HOME MORTGAGE
CORPORATION; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; POWER DEFAULT SERVICES, INC.; and DOES 1-250, inclus

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANIEL GARCIA

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
11/06/2009
awoodward
By _____ Deputy

Case Number
34-2009-00063274

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
720 9TH STREET
SACRAMENTO, CA 95814

CASE NUMBER *(Número del Caso)*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GEORGE HOLLAND, JR., ESQ.
1970 BROADWAY, SUITE 1030
OAKLAND, CALIFORNIA 94612-2222

HOLLAND LAW FIRM
(510) 465-4100

DATE.                    NOV - 6 2009          Clerk, by _____, Deputy
*(Fecha)*                                      *(Secretario)*                   *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under.  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)


Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

GARCIA, DANIEL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GEORGE HOLLAND, JR., ESQ.  216735<br>HOLLAND LAW FIRM<br>1970 BROADWAY, SUITE 1030<br>OAKLAND, CALIFORNIA 94612-2222<br>TELEPHONE NO (510) 465-4100  FAX NO (510) 465-4747<br>ATTORNEY FOR (Name) PLAINTIFF | **FILED**<br>Superior Court Of California,<br>Sacramento<br>**11/06/2009**<br>awoodward<br>By _____, Deputy<br>**Case Number:**<br>**34-2009-00063274** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS 720 9TH STREET
MAILING ADDRESS
CITY AND ZIP CODE SACRAMENTO, CA 95814
BRANCH NAME UNLIMITED JURISDICTION

CASE NAME: GARCIA v. CITIBANK, N.A..

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 34-2009-00063274 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3 402) | | JUDGE<br><br>DEPT |

*Items 1-6 below must be completed (see instructions on page 2)*

1  Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3 740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[X] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3 403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2  This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court  If the case is complex, mark the factors requiring exceptional judicial management.
  a  [ ] Large number of separately represented parties
  b  [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c  [ ] Substantial amount of documentary evidence
  d  [ ] Large number of witnesses
  e  [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f  [ ] Substantial postjudgment judicial supervision
3  Remedies sought (check all that apply): a [X] monetary  b [X] nonmonetary; declaratory or injunctive relief  c [X] punitive
4  Number of causes of action (specify): 10
5  This case [ ] is  [X] is not  a class action suit.
6  If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: November 5, 2009

George Holland, Jr
(TYPE OR PRINT NAME)                                ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code)  (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]
Martin Dean's ESSENTIAL FORMS™
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400-3 403, 3.740
Cal. Standards of Judicial Administration, std 3 10
www.courtinfo ca gov

GARCIA, DANIEL

GEORGE HOLLAND, JR., ESQ. (216735)
**HOLLAND LAW FIRM**
1970 Broadway, Suite 1030
Oakland, CA 94612
(510) 465-4100

Marc A. Fisher, Esq. (47794)
**LAW OFFICES OF MARC A. FISHER**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630
(916) 988-8001

FILED/ENDORSED

NOV - 6 2009

By: _____
Deputy Clerk

Attorneys for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO - UNLIMITED JURISDICTION

DANIEL GARCIA,

        Plaintiff,

   vs.

POWER DEFAULT SERVICES., et al.,

        Defendants.

Case No.: 34-2009-00063274

DECLARATION OF GEORGE HOLLAND, JR. IN SUPPORT OF TEMPORARY RESTRAINING ORDER

I, GEORGE HOLLAND, JR., declare:

1.    That I am one of the attorneys for plaintiff in the present action and have personal knowledge of the facts stated in this declaration and I am willing and competent to testify to their truth if called as a witness.

2.    That on or about November 5, 2009, I sent via facsimile notice of plaintiff's intent to seek an ex parte hearing to

DECLARATION OF GEORGE HOLLAND, JR., IN SUPPORT OF EX PARTE - 1

1  defendant Power Default Services.  A true and correct copy of

2  the notice is attached hereto as Exhibit 1.

3  3.    That on or about November 5, 2009, I sent via facsimile

4  notice of plaintiff's intent to seek an ex parte hearing to

5  defendant American Brokers Conduit. A true and correct copy of

6  the notice is attached hereto as Exhibit 2.

7  4.    That on or about November 5, 2009, I sent via facsimile

8  notice of plaintiff's intent to seek an ex parte hearing to

9  defendant American Home Mortgage Servicing Inc.,

10 A true and correct copy of the notice is attached hereto as

11 Exhibit 3.

12 5.    That on or about November 5, 2009, I sent via facsimile

13 notice of plaintiff's intent to seek an ex parte hearing to

14 defendant Citibank, N.A. A true and correct copy is attached

15 hereto as Exhibit 4.

16 6.    That on or about November 5, 2009, I sent via facsimile

17 notice of plaintiff's intent to seek an ex parte hearing to

18 defendant Option One Mortgage. A true and correct copy is

19 attached hereto as Exhibit 5.

20     I declare under the penalty of perjury under the laws of

21 the State of California that the foregoing is true and correct.

22

23 Dated: November 5, 2009

GEORGE HOLLAND, JR.

24

25

GEORGE HOLLAND, JR., ESQ., SBN 216735
**HOLLAND LAW FIRM**
1970 BROADWAY, SUITE 1030
OAKLAND, CA 94612
(510) 465-4100

MARC A. FISHER, ESQ., SBN 47794
**LAW OFFICES OF MARC A. FISHER**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630

Attorneys for Plaintiff

FILED
Superior Court Of California,
Sacramento
11/06/2009
awoodward
By _____, Deputy
Case Number:
**34-2009-00063274**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO -- ULIMITED JURISDICTION

| | |
|---|---|
| DANIEL GARCIA, | Case No.: |
| Plaintiff, | **EX PARTE APPLICATION AND** |
| vs. | **SUPPORTING DECLARATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINAR INJUNCTION** |
| CITIBANK, N.A.; AMERICAN HOME | |
| MORTGAGE CORPORATION; | Date: November 9, 2009 |
| MORTGAGE ELECTRONIC | Time: 9:00 AM |
| REGISTRATION SYSTEMS, INC.; POWER | Dept: 54 |
| DEFAULT SERVICES, INC.; | |
| and DOES 1-250, inclusive | |
| Defendants. | |

Plaintiff DANIEL GARCIA applies for a temporary restraining order restraining

defendants POWER DEFAULT SERVICES, MORTGAGE ELECTRONIC REGISTRATION

1

SYSTEMS, INC., ("MERS"),  AMERICAN BROKERS CONDUIT, AMERICAN HOME

MORTGAGE SERVICING, INC. (AHMS), their agents, servants, and employees from selling,

attempting to auctioning, sell, causing to be sold, transferring ownership or further encumbering

the real property located at 6748 Bodine Circle, Sacramento, California 95823.

Plaintiff respectfully requests that the Court enjoin defendant from auctioning, selling,

causing to be sold, transferring ownership, an eviction or further encumbering the Subject

Property at the Trustee Sale set for November 10, 2009. Plaintiff also requests an order to show

cause why a preliminary injunction should not be granted enjoining defendant and its agents,

servants and employees from conducting any sale kind of action to effect an assignment of rents

or hinder plaintiff's ability to enjoy the fruits of his property during the pendency of this action.

. This application is made on the grounds that plaintiff's complaint demonstrates that she is

entitled to the relief demanded, in fact there is a legitimate dispute surrounding the title and

ownership of the real property.  Any sale, transferring, encumbering of the subject property will

cause great and irreparable injury and harm to plaintiff before the matter can be decided without

the imposition of the restraining order.  Also, a declaratory judgment which is in the plaintiff's

favor will be rendered ineffectual and meaningless if there is a sell, transfer of ownership, further

encumbering or assignments of the rents of plaintiff's property. Pecuniary compensation will not

afford adequate relief, particularly in light of the fact that it would be extremely difficult to

ascertain the amount of compensation which could afford adequate relief.  Restraint of

defendants' action is necessary if a declaratory judgment is to have any effect and accomplish its

purpose of avoiding multiplicity of litigation.

Plaintiff has not previously applied to any judicial officer for similar relief.

This application is based upon the complaint on file in this case, memorandum of points

and authorities, declarations and other documentary evidence.

**Ex Parte notice was provided as follows: George Holland, Jr., counsel for plaintiff to the defendants on November 5, 2009.**

DATED: November 5, 2009

_____
MARC C. FISHER, ESQ.
Attorneys for Plaintiff

dc\garcia-daniel\exparte

3

## MEMORANDUM OF POINTS AND AUTHORITIES

California Civil Code Section 2923.5(a)(1) **requires** that a mortgagee, beneficiary or authorized agent may not file a notice of default pursuant to Civil Code Section 2924 until 30 days after contact is made with the borrower 30 days after satisfying the requirements of due diligence. Civil Code Section 2923.5(2) **requires** the mortgagee, beneficiary, or authorized agent to contact the borrower in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

This creates a duty on behalf of the defendants and their failure to comply with this statue as set forth in the declaration of Mr. Garcia and the complaint filed herein constitutes negligence and negligence per se. Thus, defendants should not be allowed to proceed with any foreclosure and the motion granted.

The complaint also states that deed of trust was transferred or assigned to defendants and some other party holds the debt or promissory note. It is well established that a transfer or assignment of the deed of trust to a party alone without the note is unenforceable. <u>Kelly v. Johnson</u> (1952) 39 Cal.2d 179, 191-192. Thus, defendants are without any rights to proceed under the foreclosure sale.

Also, under California Civil Code Section 2924 et seq., a lender must properly serve and record a notice of default setting forth the borrower's breach in order to affect a foreclosure. After 90 days, three months, have elapsed, the lender must thereafter properly serve and record a Notice of Trustee Sale at last 20 days prior to the actual sale date. Assuming proper compliance with the law, the property is then auctioned to the highest bidder at a foreclosure sale.

California foreclosure law, which is nonjudicial in its entirety, was intended to reflect the fair balance of the respective interests of the trustors, the trustees and the beneficiaries. While

4

the beneficiaries want an inexpensive and speedy remedy for defaults, trustors need protection against the loss of their property rights.   This is particularly true since the entire foreclosure process occurs without judicial oversight.[1]  This harshness of non-judicial foreclosure has been recognized.  The exercise of the power of sale is a harsh method of foreclosing the rights of the grantor.[2]

The statutory requirements are intended to protect the trustor from a wrongful or unfair loss of the property[3], and a valid foreclosure by the private power of sale requires **strict compliance** with the requirements of the statute.   (Miller & Starr, California Real Estate (3d ed.) Deeds of Trust and Mortgages, Chapter 10 § 10.179; *Anderson v  Heart Federal Sav  & Loan Assn.* (3d Dist. 1989) 208 Cal.App.3d 202, 211; *Miller v  Cote* (1982) 127 Cal.App.3d 888, 894).

It has been the corner stone of foreclosure law that the statutory requirements, intending to protect the trustor from a wrongful or unfair loss of the property, must be complied with strictly. ( Miller & Starr, California Real Estate (3d ed.) Deeds of Trust and Mortgages, Chapter 10 § 10.18).  **Close does not count.**

The California Sixth District Court of Appeal observed, "Pursuing that policy [of judicial interpretation], the courts have fashioned rules to protect the debtor, one of them being that notice of default will be strictly construed and must correctly set forth the amounts required to cure the default. *(Sweatt v. The Foreclosure Co , Inc.* (1985 - 6th Dist) 166 Cal.App.3d 273 at 278 citing to *Miller v. Cote* (1982) 127 Cal.App 3d 888, 894).

---

[1] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 § 10.179; *I. E  Associates v. Safeco Title Ins  Co.* (1985) 39 Cal.3d 281.

[2] *Anderson v  Heart Federal Savings* (1989) 208 Cal App 3d 202, 215 citing *System Inv Corporation v. Union Bank* (1971) 21 Cal App.3d 137, 153.

[3] *Moeller v  Lien* (1994) 25 Cal App.4th 822, 830; accord, *Hicks v. E.T  Legg & Associates* (2001) 89 Cal.App.4th 496, 503; *Lo Nguyen v  Calhoun* (6th District 2003) 105 Cal.App.4th 428, 440.

The same reasoning applies to notice of trustee sale. In the case of *Anderson v Heart Federal Savings*[4], Heart Federal Savings initiated foreclosure proceedings against Anderson due to the fact that Anderson fell behind on his payments. Heart noticed Anderson of the amount due, to include principal and interest. Heart Federal later raised its demand to $40,000. Anderson attempted to tender $25,000 which Heart Federal refused.

The appellate court set aside the resulting foreclosure sale in *Anderson v. Heart Federal Savings*. The court was deeply disturbed by the gross improprieties of the beneficiary, particularly in light of the comprehensive legislative scheme dealing with non-judicial foreclosure sales in California. (*Heart Federal Savings* at 211). The Appellate Court made the following, and very pointed, observations.

> "The statutory requirements must be strictly complied with, and a trustee's sale based on statutorily deficient notice of default is invalid [Citations]" *Anderson* at 211

> "The provisions of section 2924 of the Civil Code ... must be strictly followed. [Citation]. The person relying upon the notice is bound by its provisions, and cannot insist upon any grounds of default other than those stated in that notice [Citations]"*Id*

> "The obligation of the beneficiary to provide the trustor with accurate accounting of the amounts due to cure a default is governed by statute" *Id*

> "A trustor is entitled to an accurate determination of the amounts actually and legally owed. This information is in the possession of the beneficiary. The trustor, borrower, is under no obligation to second-guess the amount." *Id.*

Courts will set aside a foreclosure sale when there has been fraud, when the sale has been improperly, unfairly, or unlawfully conducted, or when there has been such a mistake that it would be inequitable to let stand. (*Bank of America Nat Trust & Savings Ass'n v. Reidy* (1940)

---

[4] *Anderson v Heart Federal Savings* (1989) 208 Cal. App.3d 202

15 Cal.2d 243, 248; *Whitman v Transtate Title Co.* (4th Dist. 1985) 165 Cal.App.3d 312, 322-323).

The Notice of Trustee Sale must contain "A description of the security instrument and an identification of the parties to the instrument. (Civil Code § 2924f, subd. (b)(1)). The notice of trustee sale **must** also include, among other information, an accurate statement of the total amount of unpaid balance of the obligation secured by the real property to be sold as well as a statement of the costs, and expenses, and advances incurred at the time of the initial publication of the notice of sale. (Civil Code § 2924f(b)(1); Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 § 10.198). Inherent in this requirement is the fact that the notice must contain an **accurate** statement of the total amount due.

The principles of equity apply to foreclosure sales. One of the principles of equity, as directly stated in the Maxims of Jurisprudence, is California Civil Code §3517. Section 3517 mandates, "No one can take advantage of his own wrong." Equity does not allow one to take advantage of his own wrong nor will it assist in perpetration of fraud on another or the public. (*Bowman v. Bowman* (1932) 125 Cal.App. 602). A party cannot take advantage of his own fault or wrong. (*Archibald Estate v. Matteson* (1907) 5 Cal App. 441)

With these legal concepts in mind, it is clear from the first amended complaint, declarations and other documentary evidence that the beneficiary and the trustee failed to properly comply with the requirements of California Civil Code § 2924 et seq. They should not be allowed to benefit from the harsh and severe consequences that non-judicial foreclosure law permits.

As set forth in the complaint, there are serious deficiencies and much egregious malfeasance in the loan and the security which is the basis of the foreclosure sale.

California Civil Code §3517 deserves repeating. That section states, "No one can take advantage of his own wrong." Yet this is exactly what the defendants are attempting to do.

There is the legal maxim which requires he who seeks equity must do equity. (*Wells Fargo & Company v. Robinson* (1859) 13 Cal. 133, 134; *Dickson, Carlson and Campillo v. Pole* (2000) 83 Cal.App.4th 436, 445). The right to conduct a non-judicial foreclosure, to seize a man's property, is rooted in equity. Yet, defendants will come before this court with unclean hands, all while casting mud and speaking dispersions against Daniel Garcia in order to obtain permission of this court to take her property while they in fact have failed to comply with the strict requirements of Civil Code Sections 2923.5 and 2924, et., seq.

These failures and violations of law mandate a declaration that the foreclosure process does not meet the requirements of California non-judicial foreclosure law. This foreclosure is therefore invalid. These law violations further justify without question the granting of this ex parte order restraining the selling of the property scheduled on November 10, 2009 and any attempts to obtain the rights of the property that belongs to plaintiff.

<u>INJUNCTIONS</u>

I.

A PRELIMINARY INJUNCTION SHOULD BE ISSUED WHERE PLAINTIFFS' RIGHTS TO RELIEF ARE APPARENT FROM THE COMPLAINT AND RELIEF CONSISTS IN RESTRAINING THE COMMISSION OR CONTINUANCE OF THE ACT COMPLAINED OF, TO AVOID IRREPARABLE INJURY DURING LITIGATION, AND WHERE THE LEGAL REMEDY IS INADEQUATE

An injunction may be granted when it appears by the complaint that the plaintiff is entitled to the relief demanded and such relief, or any part thereof, consists of restraining the commission or continuance of the act complained of, either for a limited period of perpetually (CCP § 526(1); *Dingley v. Buckner* (1909) 111 Cal.App. 181, 183-184).

8

An injunction may be granted when it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce great or irreparable injury to a party in the action. (CCP § 526(2); *Smith v Smith* (1942) 49 Cal.App.2d 716, 718-719). The term "irreparable injury" means that the species of damages, whether great or small, that ought not to be submitted to on the one hand or inflicted on the other. (*Wind v Herbert* (1960) 186 Cal.App.2d 276, 285).

This definition warrants the use of the injunctive power of the court against a wrong which a trial judge deems insufferable because it constitutes an overbearing assumption by one person of superiority and domination over the rights and property of others. (*Fretz v Burke* (1967) 247 Cal.App.2d 741, 746).

An injunction may be granted when pecuniary compensation would not afford adequate relief[5] or where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief. (CCP § 526(5); *Union Oil Co V. Domengeaux* (1939) 30 Cal.App.2d 266, 270-271).

Also, an injunction should be granted where restraint is necessary to prevent multiplicity of judicial proceedings. (CCP § 526(6); *Rynsburger v Dairymen's Fertilizer Coop., Inc* (1968) 266 Cal.App.2d 269, 279).

The Court is reminded of California Civil Code § 3387 which presumes that a person's property is so unique that monetary damages cannot adequately compensation for its loss.

II.

GROUNDS FOR A PERMANENT INJUNCTION

A trial court should grant a permanent injunction when (1) When pecuniary

---

[5] CCP § 526(4)

9

compensation would not afford adequate relief[6]; (2) When it would be extremely difficult to ascertain the amount of compensation that would afford adequate relief; (3) When the restraint is necessary to prevent a multiplicity of judicial proceedings. (Civil Code § 3422(1)(2) & (3)). These grounds are the same as the four grounds listed for the granting of a preliminary injunction.

In this matter, the relative hardship to plaintiff , i.e , possibility of losing her property, represents irreparable injury, decreasing the possibility that must be shown (though Plaintiff has successfully established probability of success). The loss of one's property due to foreclosure constitutes an irreparable injury. *Demarest v Quick Loan Fund, Inc.* (April 2009) West Law 940377 (C.D. Cal.) ; No. CV 09-01687 MMM (Ssx).

As the Appellate Court found in *Stockton v. Newman* (1948) Cal.App.2d 558, 564

"It may be said that if appellants proceed with the sale under the deed of trust, respondent will be deprived of this particular piece of property, and such damage may be considered irreparable for in equity each parcel of real property is considered unique."

For the reasons set forth in these papers, plaintiff prays that this court grant the requested temporary restraining order, preliminary injunction and set the matter for a full permanent injunction.

III.

TRO/PRELIMINARY INUNCTION

A trial court must evaluate two factors in determining whether it should issue a preliminary injunction. One factor is the likelihood that plaintiff will prevail on the merits at trial (*Teachers Ins. & Annuity Assn V. Furlotti* (1999) 70 Cal.App.4th 1487, 1493, and *Dodge,*

---

[6] *Miss World Limited v. Mrs America Pageants, Inc* (9th Cir. 1988) 858 F.2d 1445, 1448

*Warren & Peters Insurance Services, Inc. v Riley* (2003) 105 Cal App.4th 1414, 1418).

The second factor is the balance of any interim harm to plaintiff if the injunction is denied compared with the harm to defendants if the injunction is issued. (*Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal.App. 4th 1396, 1407.

The more likely that plaintiff will ultimately prevail, however, the less severe the harm that must be shown, especially when the injunction maintains, rather than alters, the status quo. (*King v. Meese* (1987) 43 Cal.3d 1217, 1227). Thus, if plaintiff can make a sufficiently strong showing of the likelihood of success on the merits, the trial court has discretion to issue the injunction notwithstanding that their inability to show that the balance of harm tips in their favor. (*Moopark* at 1407).

Here, several factors are in favor of plaintiff prevailing including, but not limited to, defendant's failure to comply with the law enacted by the California Legislature to prevent such conduct as codified in Civil Code Section 2923.5, prior to any foreclosure action and defendants failure to comply constitutes negligence and negligence per se and there is a strong likelihood plaintiff will prevail.

The harm that plaintiff will suffer, however, is enormous. She will lose her family home through a foreclosure sale and prevent plaintiff and her family from enjoying the benefits of their home; if defendant's conduct is permitted, plaintiff will suffer severe damages.

***California courts retain common law authority to waive the requirement of an undertaking in cases involving litigants with limited means.*** (*Conover v Hall* (1974) 11 Cal.3d 842, 847, 850-852).

Given the equities involved in this case, plaintiff requests that this Court impose no bond pursuant to its authority described in *Conover v Hall.*

11

1    Alternatively, plaintiff requests that this Court impose a nominal bond of less than $25.00

2                                            IV.

3                                        CONCLUSION

4

5        For the foregoing reasons set forth in these papers and supporting documents, plaintiff

6    prays this court grant the requested temporary restraining order, preliminary injunction and set

7    the matter for a hearing for a full permanent injunction.

8    Dated: November 5, 2009

9
                                             Marc C. Fisher, Esq.
10
                                             Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             12

**EXHIBIT 1**

# HP LaserJet *3050*

# Fax Call Report



HP LASERJET FAX

Nov-5-2009   2 55PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 11345 | 11/ 5/2009 | 2 54 33PM | Send | 12136148632 | 0 43 | 1 | OK |



**HOLLAND LAW FIRM**
1970 Broadway, Suite 1030
Oakland, California 94612
(510) 465-4100, Fax (510) 465-4747

FAX COVER SHEET

DATE November 5, 2009

TO _Trustee Officer- TS#H393150 CA_____     FROM: George Holland, Jr._____

FAX NUMBER (213) 614-8632 –CT Corporation

RE _____Garcia v Power Default Services, Inc – 6748 Dodine Circle, Sacramento, CA_____

_____URGENT       _____REPLY ASAP     _____PLEASE RESPOND

_____PLEASE REVIEW      _____FOR YOUR INFORMATION

TOTAL PAGES, INCLUDING COVER _1___

COMMENTS _Please consider this as Notice of Mr. Daniel Garcia's intent_____

to appear at Sacramento County Superior Court located at 720 9th Street, Sacramento

on Monday, November 9, 2009 9 00 a.m. a/ for an ex parte hearing to prevent the trustee

sale.

cc  American Home Mortgage Corporation (972) 788-0064

cc  Mortgage Electronic Registration Systems, Inc (703) 748-0183

This document is confidential  If you receive it in error, please contact this office at the
above address and telephone number  Please return the facsimile copy received in error to
our office at our cost  Thank You.

# EXHIBIT 2

p. 9

# HP LaserJet *3050*

# Fax Call Report



HP LASERJET FAX

Nov-5-2009    2 56PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 11346 | 11/ 5/2009 | 2 55 44PM | Send | 19727880064 | 0 00 | 0 | No answer |



**HOLLAND LAW FIRM**
1970 Broadway, Suite 1030
Oakland, California 94612
(510) 465 4100, Fax (510) 465-4747

**FAX COVER SHEET**

DATE November 5, 2009

TO  Trustee Officer- TS#H3931 30 CA          FROM  George Holland, Jr

FAX NUMBER  (713) 614-8632 –CT Corporation

RE        Garcia v  Power Default Services, Inc  – 6748 Bodine Circle, Sacramento, CA

_____ URGENT          _____ REPLY ASAP          _____ PLEASE RESPOND

_____ PLEASE REVIEW          _____ FOR YOUR INFORMATION

TOTAL PAGES, INCLUDING COVER  1

COMMENTS  Please consider this as Notice of Mr. Daniel Garcia's intent

to appear at Sacramento County Superior Court located at 720 9th Street, Secramento

on Monday, November 9, 2009 9 00 a m  at for an ex parte hearing to prevent the trustee

sale

cc  American Home Mortgage Corporation (972) 718 0064

cc  Mortgage Electronic Registration Systems, Inc (703) 748-0183

This document is confidential  If you receive it in error, please contact this office at the
above address and telephone number  Please return the facsimile copy received in error to
our office at our cost  Thank You

# EXHIBIT 3

## HP LaserJet *3050*

# Fax Call Report



HP LASERJET FAX

Nov-5-2009   3 04PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 11347 | 11/ 5/2009 | 3 03 10PM | Send | 12136148632 | 0 46 | 1 | OK |



### HOLLAND LAW FIRM
1970 Broadway, Suite 1030
Oakland, California 94612
(510) 465-4100, Fax (510) 465-4747

**FAX COVER SHEET**

DATE November 5, 2009

TO  Trustee Officer- TS#H393150 CA _____ FROM  George Holland, Jr _____

FAX NUMBER  (213) 614-8632 -CT Corporation C/o Power Default Service _____

RE _____ Garcia v Power Default Services, Inc. – 6748 Boding Circle, Sacramento, CA _____

_____ URGENT          _____ REPLY ASAP          _____ PLEASE RESPOND

_____ PLEASE REVIEW          _____ FOR YOUR INFORMATION

TOTAL PAGES, INCLUDING COVER  1

COMMENTS  Please consider this as Notice of Mr. Daniel Garcia's intent _____

to appear at Sacramento County Superior Court located at 720 9th Street, Sacramento _____

on Monday, November 9, 2009 9:00 a.m  at for an ex parte hearing to prevent the trustee _____

sale. _____

cc  American Home Mortgage Corporation (772) 786-0064 _____

cc  Mortgage Electronic Registration Systems, Inc. (703) 748-0183 _____

This document is confidential. If you receive it in error, please contact this office at the
above address and telephone number. Please return the facsimile copy received in error to
our office at our cost. Thank You.

1 │ GEORGE HOLLAND, JR., ESQ. (216735)
**HOLLAND LAW FIRM**
2 │ 1970 Broadway, Suite 1030
Oakland, CA 94612
3 │ (510) 465-4100

4 │ MARC C. FISHER, ESQ. (44794)
**LAW OFFICES OF MARC C. FISHER**
5 │ 9580 Oak Avenue Parkway, Suite 15
Folsom, CA 95630
6 │ (916) 988-8001

7 │ Attorneys for Plaintiff

8 │

**FILED**
**Superior Court Of California,**
**Sacramento**
**11/06/2009**
awoodward
By_____, Deputy
Case Number:
**34-2009-00063274**

9 │ SUPERIOR COURT OF CALIFORNIA

10 │ COUNTY OF SACRAMENTO     - UNLIMITED JURISDICTION

11 │

12 │ Daniel Garcia,                    ) Case No.:
                                       )
13 │ Plaintiff                         ) **DECLARATION OF DANIEL GARCIA IN**
                                       ) **SUPPORT OF EX PARTE APPLICATION**
14 │ vs. Citibank, N.A.; American      ) **FOR A RESTRAINING ORDER AND**
                                       ) **INJUNCTION**
15 │ Home Mortgage Corporation;        )
                                       )
16 │ Mortgage Electronic              )
                                       )
17 │ Registration Systems, Inc.;

18 │ Power Default Services, Inc.;

19 │ and DOES 1-250, inclusive,

20 │ Defendants.

21 │ ─────────────────────────

22 │ I, Daniel Garcia, declare:

23 │ 1.    That I am the plaintiff in the above-referenced matter and

24 │

25 │

Page 1 of 7

1  I have personal knowledge of the facts contained in this

2  declaration and I am willing and competent to testify to their

3  truth if called as a witness.

4  2.    That I the owner of the real property located at 6748

5  Bodine Circle, Sacramento CA 95823, which is a single family

6  residence where I reside.

7  3.    That I purchased this property November 1996 for the

8  purchase price of $65,000 as a married man. I have spent sweat

9  equity in improving and maintaining the property.

10 4.  · That my current lender to my home is American Home Mortgage

11 Servicing, Inc.

12 5.    That prior to American Home Mortgage Servicing, Inc. the

13 lender was American Brokers Conduit, who provided me with a

14 mortgage loan for $221,000 of which the principle balance is

15 $236,000 as a result of negative amortization. English is not my

16 first language. I was not born in the United States and my first

17 language is Spanish. American Brokers Conduit's loan

18 representative was an approved mortgage broker, River oak

19 Capital, in Sacramento Ca. insisted that it would be best if I

20 were the only person on the application due to my excellent

21 credit. I was told that American Brokers Conduit Bank had a

22 special loan program that would not verify my income, employment

23 or assets for my down payment. This special loan program was

24 reserved for buyers with good credit and had an interest rate of

25 1.4%. I was the only person on the application for the purchase

1  of the subject property. American Brokers Conduit through its

2  River Oak Capital loan representative, Matt Brozeck, advised me

3  that they would fill out the loan application. The American

4  Brokers Conduit loan representative also listed my income of

5  $10,400 per month on the loan applications which was far more

6  than my actual income. The American Brokers Conduit loan

7  representive said this was necessary to "just state whatever on

8  the application for income and assets." Matt Brozeck who

9  represented himself as the loan representive of American Brokers

10 Conduit, who I later found out was a loan officer of Oak River

11 Capital, mortgage broker in Sacramento Ca. took my information

12 over the phone. When I signed the loan papers know one ever

13 explained the terms of the loans or how the loan was to be

14 repaid. Only that the interest rate was 1.4% and that the

15 payment was due every month. The mortgage loan program was a

16 negative amortizing loan which was never explained to me.

17 English is not my 1st language so I did not understand and a

18 translator was never offered when I signed the loan papers. I

19 was just told over the phone to go to Alliance Title Company and

20 sign the loan papers by the American Brokers Conduit

21 representative. I was told by the American Brokers Conduit loan

22 representative that if I did not sign the loan papers that I

23 would not receive the proceeds from my refinance.

24 6. At some point in or about January 2009, I began to experience

25 some financial problems. I called the toll free number from my

1  mortgage statement to speak to someone about a loan modification
2  or some kind of assistance. I was told by the operator that they
3  were in a call center in India and that they would not be able
4  to refer me to the loan modification department until my
5  mortgage was at least 60 days delinquent.
6  7.   That at no time since my initial call to American Home
7  Mortgage Servicing, Inc. in January 2009, has American Home
8  Mortgage Servicing, Inc. (AHMS), or any of its agents,
9  employees, servants or any persons acting on their behalf
10 including the trustee and beneficiaries contacted me prior to
11 filing a notice of default in July 2009 to discuss my loan or a
12 loan modification. The only calls I ever received were
13 collection calls.
14 8. I continued to call AHMS Bank before and after the Notice of
15 Default in July 2009 in response to the constant collection
16 calls, noting that I was having financial problems. I never was
17 able to speak to someone in Spanish.  Repeated calls to the
18 collections people at AHMS Bank resulted in them giving me the
19 phone number for another department within AHMS to discuss my
20 options.  When I called that department, they didn't speak to me
21 in Spanish.  In July 2009 I received a Notice of Default that
22 that showed 7-20-09. I continued to call AHMS Bank to try and
23 work out a loan modification to avoid loosing my home. I was
24 just told to pay the arrearage and bring the loan current. I
25

1  continued to try and obtain an loan modification from AHMS. They

2  would not return my calls.

3  The only response I received was a "Notice of Trustee Sale"

4  schedule for November 10, 2009 at the Sacramento County Court.

5  9. That at no time was there any personal meeting or telephonic

6  between me or AHMS, or anyone acting on its behalf to discuss

7  options with a loan modification or to assess my financial

8  situation.

9  10.  I never received from AHMS, or anyone acting on its behalf

10 the toll free number to the United States Department of Housing

11 and Urban and Development (HUD) to find a certified counseling

12 agency.

13 11. At all times, I was available to meet with AHMS, or anyone

14 acting on its behalf either in person or telephonically,

15 however, nothing ever occurred.

16 12. I personally made several attempts every week since January

17 of 200 by telephone to contact AHMS, and anyone acting on its

18 behalf to discuss loan modification but was unsuccessful.

19 13.  That defendant AHMS, its agents, beneficiaries or anyone

20 acting on its behalf are not the holder of the promissory note

21 in due course nor have they received an endorsement of the

22 promissory note from the true not holder(s).

23 14.  That despite AHMS, its agents, servants, employees,

24 beneficiaries failing to comply with the requirements set forth

25

1  in Civil Code Section 2923.5, a notice of default was recorded
2  against the property.

3

4  15.   That AHMS, and its agents, servants, employees,
5  beneficiaries and the trustee should not be allowed to benefit
6  from its intentional and willful failure to comply with the law
7  done in response by the California Legislature to prevent such
8  conduct as this type of foreclosure.
9  16.   That an Order enjoining defendants from proceeding with the
10  selling, transferring of ownership, encumbering or any other
11  action should be granted because it is the only way injustice
12  can be avoided.   There is no harm to defendants because they
13  have failed to comply with the Civil Code Section 2923.5 and
14  they have no interest in the property and/or monetary recovery,
15  which can be justly determined by the court. Moreover, if this
16  court determines that the defendants have an interest in the
17  subject property defendants can take action at that time.
18  17.   That an Order enjoining defendants from proceeding with the
19  foreclosure sale or any other action should be granted because
20  this land is unique.   Therefore, if defendants conduct is
21  allowed there is no adequate remedy in law.
22  Furthermore, there is no harm or injury to defendants to allow
23  the dispute to be resolved in Court.

24

25

18.   Therefore, I respectfully ask the Court to enjoin
defendants from proceeding with the foreclosure sale,
transferring of ownership, encumbering or any other action until
the matter is resolved in Court.

    I declare under the penalty of perjury under the laws of
the State of California that the foregoing is true and correct.
Dated: November 1, 2009.


_Daniel Garcia_

Daniel Garcia

1:45

# SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO
## ORDER DETERMINING DISPOSITION OF EX PARTE APPLICATION

| Case Name | Case Number |
|---|---|
| Daniel Garcia vs. Citibank, N.A. | 09-00063274 |

| Type of Application TRO | By π | Application Date NOV 09 2009 |
|---|---|---|

| Names of Appearing Party | Representing |
|---|---|
| Chris Wrabel | π |
| | |

The Court, having considered the above entitled ex parte application ☑ without a hearing  ☐ after hearing
with appearance as noted above, rules as follows:

☐ The application is granted.

_____

_____

_____

☑ The application is denied on the merits of the papers presented to the Court.

_____ See attached mem _____

_____

☐ The application is denied without prejudice to its resubmission for the following reason(s):

_____

_____

_____

☐ The moving party may not proceed except by noticed motion.

☐ Other

_____

_____

_____

_____

☐ Counsel for the _____ is ordered to prepare formal order.

| NOV 09 2009 | |
|---|---|
| DATE | JUDGE OF THE SUPERIOR COURT |
| | SHELLEYANNEW L. CHANG |

CI-150 (10/2006) ORIGINAL-CASE FILE    YELLOW-SUBMITTING PARTY    PINK-OFFICE COPY

The request for ex parte relief is denied for failure to comply with the requirements of CRC, Rule 3.1202.

The declaration accompanying the moving papers does not set forth the factual basis for the claimed emergency: In July 2009, plaintiff was served with a notice of default, yet over four months later, on the day of the foreclosure sale, plaintiff now seeks ex parte relief. The declaration does not set forth other facts constituting "good cause"; rather it shows that Moving Party was aware of the issue for months before seeking ex parte relief. The failure to take action earlier does not constitute an emergency requiring court intervention.

Moving party could have easily filed a regularly noticed motion seeking the relief sought in the ex parte application. To the extent that there is an emergency situation, moving party created it by a lack of diligence. Relief is properly denied in such circumstances. See *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 257 (motion to continue summary judgment hearing properly denied when moving party has not acted diligently).

Due to the lack of a proper showing, the Court will not grant the relief requested.

The Court declines to entertain oral argument on this ex parte request. There is no right to oral argument in an ex parte proceeding; the judge may properly decide the matter on the papers presented. See *Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1111. As Local Rule 2.04 (A) states, "The adequacy of the application for temporary relief will be determined on the papers submitted. See also, Local Rule 3.14.

# EXHIBIT "C"

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

And when recorded mail to
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA , CA 92711-1988

Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20091021** PAGE **0349**
Check Number  3308
Wednesday, OCT 21, 2009  9:48:44 AM
Ttl Pd   $14.00      Nbr-0006091994

REB/51/1-2

090525157 _Space above this line for recorder's use_

## NOTICE OF TRUSTEE'S SALE

T.S. No: H393150 CA    Unit Code: H    Loan No: 0031277312/GARCIA    Investor No: 0001364534
Min No: 100024200013645342
AP #1: 117-0063-007-0000

POWER DEFAULT SERVICES, INC., as duly appointed Trustee under the following described Deed of Trust
WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (in the forms which are lawful
tender in the United States) and/or the cashier's, certified or other checks specified in Civil Code Section 2924h
(payable in full at the time of sale to T.D. Service Company) all right, title and interest conveyed to and now
held by it under said Deed of Trust in the property hereinafter described:

Trustor: DANIEL GARCIA, ARLENE GARCIA

Recorded July 26, 2006 as Instr. No. --- in Book 20060726 Page 1806 of Official Records in the office of
the Recorder of SACRAMENTO County; CALIFORNIA , pursuant to the Notice of Default and Election to
Sell thereunder recorded July 20, 2009 as Instr. No. --- in Book 090720 Page 1407 of Official Records in
the office of the Recorder of SACRAMENTO County CALIFORNIA.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED JULY 18, 2006.  UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.

6748 BODINE CIRCLE, SACRAMENTO, CA 95823
"(If a street address or common designation of property is shown above, no warranty is given as to its
completeness or correctness)."

Said Sale of property will be made in "as is" condition without covenant or warranty, express or implied,
regarding title possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said
Deed of Trust, with interest as in said note provided, advances, if any, under the terms of said Deed of Trust,
fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Said sale will be held on:
NOVEMBER 10, 2009, AT 10:00 A.M. *AT THE ENTRANCE TO THE COUNTY COURTHOUSE, 720
9TH STREET, SACRAMENTO, CA

At the time of the initial publication of this notice, the total amount of the unpaid balance of the obligation
secured by the above described Deed of Trust and estimated costs, expenses, and advances is $253,768.49. It is
possible that at the time of sale the opening bid may be less than the total indebtedness due.

Page 2
T.S. No: H393150 CA      Unit Code: H      Loan No: 0031277312/GARCIA      Investor No: 0001364534

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or
authorized agent, declares as follows: The mortgage loan servicer has obtained from the commissioner a final or
temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale
is filed; The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply
pursuant to Section 2923.52 or 2923.55.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be
the return of monies paid to the Trustee and the successful bidder shall have no further recourse.  If the sale is set
aside for any reason, the Purchaser at the sale shall be entitled only to a return of the monies paid.  The
Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.
Date:  October 21, 2009

POWER DEFAULT SERVICES, INC. as said Trustee, by T.D. Service Company as Agent for Trustee and as
Authorized Agent for the Beneficiary

BY
KIMBERLY THORNE, ASSISTANT SECRETARY
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210, P.O. BOX 11988
SANTA ANA,  CA 92711-1988
(714) 543-8372

We are assisting the Beneficiary to collect a debt and any information we obtain will be used for that purpose
whether received orally or in writing.

If available, the expected opening bid and/or postponement information may be obtained by calling the
following telephone number(s) on the day before the sale: (714) 480-5690 or you may access sales information
at www.ascentex.com/websales.

# EXHIBIT "D"

Recording Requested By:
Ron Meharg, 888-362-9638
When Recorded Return To:
**DOCX**
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 65787730 |
|------|-----|----------|

CRef#:08/16/2009-PRef#:A032-POF
Date:08/04/2009-Print Batch ID:6710
MIN #: 10002420001364532342
MERS Telephone #: 888/679-6377
Property Address:
**6748 BODINE CIRCLE
SACRAMENTO, CA 95823**
CAaosi-cR2.0  01/07/2009    2009(c) by DOCX LLC



Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20090810** PAGE **0348**
Check Number  4667
Monday, AUG 10, 2009  9:09:36 AM
Ttl Pd   $14.00      Nbr-0006002205
TMH/74/1-2

This Space for Recorder's Use Only

## ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and sufficiency of which is hereby acknowledged, **American Home Mortgage Servicing Inc.**, whose address is 6501 Irvine Center Drive, Irvine, CA 92618, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto **Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-4 Mortgage-Backed Pass-Through Certificates, Series 2006-4**, whose address is 111 Wall Street, 5th Floor/Zone 2, New York 10005, the following described deed of trust, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such deed of trust.

Original Borrower(s): **DANIEL GARCIA AND ARLENE GARCIA, HUSBAND AND WIFE AS JOINT TENANTS**

Original Beneficiary: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT**

Date of Deed of Trust: **07/18/2006**                    Loan Amount: **$221,000.00**

Recording Date: **07/26/2006**    Book: **20060726**  Page: **1806**

Misc. Comments: **ASSIGNMENT EFFECTIVE DATE 7/17/2009**

**LEGAL DESCRIPTION: ALL THAT CERTAIN REAL PROPERTY IN THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:**

**LOT 516, AS SHOWN ON THAT CERTAIN MAP ENTITLED "PLAT OF VALLEY HI UNIT NO. 8", RECORDED IN BOOK 75 OF MAPS, MAP NO. 15, RECORDS OF SACRAMENTO COUNTY.**

and recorded in the official records of the County of Sacramento, State of California affecting Real Property and more particularly described on said Deed of Trust referred to herein.

**IN WITNESS WHEREOF,** the undersigned has caused these presents to be executed on this date of 08/05/2009.

American Home Mortgage Servicing Inc.



Linda Green
Vice President

State of GA
County of Fulton

**MICHAEL J. FORBES**

On this date of **08/05/2009**, before me, _____, Notary Public, personally appeared **Linda Green**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Notary Public: _____

Michael J. Forbes
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
April 9, 2013

United States Bankruptcy Court
District of Delaware

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United
States Bankruptcy Code, entered on 08/06/2007 at
06:56 AM and filed on 08/06/2007.

**American Home Mortgage Corp.**
538 Broadhollow Road
Melville, NY 11747
Tax ID / EIN: 13-3461558



The case was filed by the debtor's attorney:

**Pauline K. Morgan**
Young, Conaway, Stargatt & Taylor
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
302 571-6600

The case was assigned case number 07-11051-CSS to Judge Christopher S. Sontchi.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.deb.uscourts.gov or at the Clerk's Office, 824 Market Street,
3rd Floor, Wilmington, DE 19801.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David D. Bird**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/04/2009 12:45:49 | | | |
| **PACER Login:** | wf0265 | **Client Code:** | Garcia, Daniel |
| **Description:** | Notice of Filing | **Search Criteria:** | 07-11051-CSS |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**EXHIBIT "E"**

1

## PROOF OF SERVICE

2

3
   I, Steven E. Bennett, declare as follows:

4
   I am employed in the County of Orange, State of California.  I am over the
   age of eighteen (18) and not a party to the within action.  My business address is

5
   4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily

6
   familiar with the practices of Wright, Finlay & Zak, LLP, for collection and
   processing of correspondence for mailing with the United States Postal Service.

7
   Such correspondence is deposited with the United States Postal Service the same

8
   day in the ordinary course of business.

9
   On December 4, 2009, I served the within **NOTICE OF REMOVAL OF**

10
   **ACTION PURSUANT TO 28 U.S.C. §1441(b) [DIVERSITY OF**
   **CITIZENSHIP]** on all interested parties in this action as follows:

11

12
   [X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed

13
   envelope(s) addressed as follows:

14

15
   ## SEE ATTACHED SERVICE LIST

16

17
   [X ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed
          on this date following ordinary business practices.

18
   [ ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949)

19
          477-9200, complied with California Rules of Court, Rule 2003, and no error
          was reported by the machine.

20
   [ ]    (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and

21
          correct copies of thereof enclosed in a package designated by Federal

22
          Express with the delivery fees provided for.

23
   [ ]    (State) I declare under penalty of perjury under the laws of the state of
          California that the foregoing is true and correct.

24
   [X ]   (Federal) I declare under penalty of perjury under the laws of the United

25
          States of America that the foregoing is true and correct.

26
   Executed on December 4 2009, at Newport Beach, California.

27

28
   Steven E. Bennett

1

1

## SERVICE LIST

2

3

George Holland, Jr., Esq.

4

HOLLAND LAW FIRM

5

1970 Broadway, Suite 1030
Oakland, CA 94612

6

(510) 465-4100

7

8

Marc A. Fisher, Esq.
LAW OFFICE OF MARC A. FISHER

9

9580 Oak Avenue Parkway, #15

10

Folsom, CA 95630
(916) 988-8001

11

12

Attorney for Plaintiff Daniel Garcia

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2