IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GARCIA, | Case No. 2:09-CV-03387-JAM-DAD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| CITIBANK, N.A; AMERICAN HOME MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; POWER DEFAULT SERVICES, INC.; and DOES 1-250, inclusive, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Daniel Garcia's ("Plaintiff's") Motion to Remand the case to state court ("Motion"). (Doc. #4). Defendants Citibank, N.A., Mortgage Electronic Registration Systems, and Power Default Services,

Inc. ("Defendants") oppose the motion.[1] Defendant American Home Mortgage Corporation ("AHMC") did not join in the opposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2006, Plaintiff obtained a mortgage loan secured by his residential property located at 6748 Bodine Circle, Sacramento, CA, 95823 ("subject property"). The adjustable rate mortgage was in the sum of $221,000. The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property. AHMC was the lender.

Defendant AHMC filed a Chapter 11 bankruptcy petition on or about August 6, 2007.  The bankruptcy case was ordered to be jointly administered with other affiliated bankruptcies. This bankruptcy case is still pending.

On November 6, 2009, Plaintiff filed a complaint ("Complaint") against Defendants and AHMC in Sacramento County Superior Court, State of California, Case No. 34-2009-00063274. The Complaint alleges twelve state causes of action relating to the loan transaction.

On December 4, 2009, Defendants filed a Notice of Removal to remove the state court action to this Court pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. §

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1332. Plaintiff now moves to remand to state court, alleging the Notice of Removal is procedurally defective.

## II. OPINION

### A. Legal Standard

A party may remove a state court action to federal court pursuant to 28 U.S.C. § 1441. Section 1441 provides that (1) a civil action brought in State court, (2) over which the district court has original jurisdiction, (3) can be removed to federal court embracing that state court action, (4) by the defendant or defendants in the state court action.

The party requesting removal bears the burden of establishing that federal jurisdiction is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

### B. Analysis

Plaintiff argues that the Notice of Removal is procedurally defective for two reasons: (1) the district court does not have original jurisdiction because the amount in controversy does not exceed $75,000; and (2) all defendants did not join in the removal action.

1.  <u>Original Jurisdiction Pursuant to 28 U.S.C. § 1332</u>

For removal to be proper, the district court must have original jurisdiction. Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. § 1332. Here, Plaintiff concedes diverse citizenship. As set forth in Defendants' Notice of Removal of Action, this civil action is among citizens of different states.

Plaintiff argues that federal jurisdiction is lacking because Defendants have not demonstrated that the amount in controversy exceeds $75,000.00. "Where a state court complaint does not specify a particular amount in damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that ...the amount in controversy exceeds the [statutory minimum]." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 298, 404 (9th Cir. 1996).

"In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." <u>Hunt v. Wash. St. Apple Adver. Comm'n</u>, 432 U.S. 333, 347 (1977). Here, Plaintiff seeks declaratory and injunctive relief in the Complaint, requesting an injunction to prevent the foreclosure proceedings.  In addition, Plaintiff

4

seeks rescission of the contract and damages. The subject loan amount was originally $221,000.00, excluding interest. As such, if the contract were rescinded, the value of relief would be at least $221,000.00, which far exceeds the requisite amount in controversy.

Accordingly, the district court does have original jurisdiction pursuant to 28 U.S.C. § 1332 because Defendants have established both diversity of citizenship and the required amount in controversy.

2. <u>Removal by all Defendants</u>

Plaintiff also argues that the Notice of Removal is procedurally defective because defendant AHMC did not join in the removal.  Defendants argue that AHMC was not required to join in removal for two reasons: (1) AHMC was not properly served; and (2) AHMC is protected by the automatic stay in bankruptcy.

Generally, all properly served defendants must join in the notice of removal. 28 U.S.C. § 1446(b); <u>Hewitt v. Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986). "Defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings." <u>Cmty. Bldg. Co. v. Md. Cas. Co.</u>, 8 F.2d 678, 678-79 (9th Cir. 1926); <u>See also</u> <u>Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.</u>, 186 F.R.D. 581, 582 (N.D. Cal.

5

1999). Here, AHMC had not been properly served at the time of removal. As such, AHMC may be disregarded in the removal proceedings. Thus, all required defendants joined in the notice of removal.

Upon filing a bankruptcy petition, a debtor is protected by the automatic stay, which operates as a stay to the commencement of a judicial action, including the issuance of process. 11 U.S.C. § 362(a)(1). The stay is automatic unless a debtor has previously filed for bankruptcy. See 11 U.S.C. § 362(c)(3)(A); 11 U.S.C. § 362(c)(4)(A). The automatic stay continues until the case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Here, AHMC is protected by the automatic stay throughout the bankruptcy proceedings. Because the case is still pending, the automatic stay has not ended. Thus, AHMC is not required to join in the notice of removal because AHMC is protected by the automatic stay.

### III. ORDER

For the reasons set forth above, Plaintiff's Motion to Remand is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: April 22, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE